12/7/2004 **FILED** 12:58
LA02-45257AA
DEBTOR:
PACIFIC OCEAN SEAFOODS INC
JUDGE: Alan M. Ahart 466
TRUSTEE:
CHAPTER: 7 AD04-02816
------------------------------------------------------------
CLERK, U. S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIF. ID: E-F
REFEREN NO: LA-001199 CHG EST

Summons Issued 12/07/2004
Answer Date 1/6/2005
Hrg. Date 02/09/2005 at 11:00 AM

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ANNIE VERDRIES, ESQ. (Bar No. 91049)
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626-1970
Telephone No. (714) 545-9200
Facsimile No. (714) 850-1030

Attorneys for Chapter 7 Trustee
HEIDE KURTZ

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PACIFIC OCEAN SEAFOODS, INC.<br><br>Debtor.<br>______________________________<br>HEIDE KURTZ, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>PRIME TIME SEAFOOD, INC., a California corporation,<br><br>Defendant.<br>______________________________ | Case No.: LA 02-45257-AA<br><br>Chapter 7<br><br>**COMPLAINT TO RECOVER MONEY OR PROPERTY**<br><br>[To Avoid and Recover Transfers of Property, [11 U.S.C. §§ 547-550] |

Heide Kurtz, Chapter 7 Trustee of the Bankruptcy Estate of *In re Pacific Ocean Seafoods, Inc.* ("Debtor"), alleges as follows:

1/E-F

## JURISDICTIONAL ALLEGATIONS

1. This adversary proceeding arises out of and is related to the above-captioned case pending before this United States Bankruptcy Court. Therefore, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Order No. 266 of the United States District court for the Central District of California. The claims set forth herein involve the determination, avoidance and recovery of preferences and/or fraudulent conveyances pursuant to 11 U.S.C. §§ 547, 548 and 550, and, as such, constitute "core" proceedings pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is based on 28 U.S.C. §§ 1408 and 1409.

3. This bankruptcy case was commenced by the filing on December 13, 2002 ("Petition Date") of a petition under Chapter 11, title 11 of the United States Code. The case was converted to one under Chapter 7 on February 27, 2003. Heide Kurtz ("Plaintiff") is the duly appointed, acting and qualified Chapter 7 Trustee.

4. Plaintiff is informed and believes, and on that basis alleged that Prime Time Seafood, Inc. is a California corporation ("Defendant").

5. By this complaint, Plaintiff seeks to recover all transfers made to Defendant within the preference period, all unauthorized post petition transfers and all fraudulent conveyances avoidable under 11 U.S.C. § 548.

## FIRST CLAIM FOR RELIEF

**[ To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547]**

6. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 5, inclusive, as if fully set forth hereagain.

7. On or within 90 days before the Petition Date, that is between 9/13/02 and 12/13/02 (the "Preference Period") Debtor made one or more transfers by check, wire transfer, or the equivalent in an aggregate amount not less than $181,942.77 (hereinafter referred to as "the Transfer" directly to or for the benefit of the Defendant. Attached hereto as **Exhibit "A"** and incorporated hereby by this reference is a list of the Transfer presently included in the Transfers

total. Plaintiff will amend its complaint to add additional Transfer, if any, there are subsequently discovered.

8. Defendant was a creditor of the Debtor at the time of the Transfer within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfer Defendant had a right to payment on account of an obligation owed to Defendant by Debtor.

9. The Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

10. The Transfer was made on account of an antecedent debt because the Transfer was on account of a debt obligation for which the Debtor was legally bound to pay before the Transfer was made.

11. The Debtor was insolvent throughout the Preference Period within the meaning of the Bankruptcy code, in that the sum of its debts was greater than the fair value of its assets. See, 11 U.S.C. § 101(32)(A), 11 U.S.C. § 547(b)(3).

12. With respect to the Transfer, Defendant received more on account of its debt than if Debtor's case were under Chapter 7 of the Bankruptcy Code, the Transfer had not been made, the Defendant received payment of such debt to the extend provided by the provisions of the Bankruptcy Code because, under such scenario, Defendant would not have received full payment with respect to such debt, nor even as much remuneration as the amount of the Transfer.

13. In accordance with the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

**[To Recover Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B)]**

14. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 12, inclusive, as if fully set forth hereagain.

15. As to any Transfer that was not on account of an antecedent debt owed to Debtor, Plaintiff alleges on information and belief that the Debtor received less than a reasonably equivalent value in exchange for such Transfer ("Potentially Fraudulent Transfer"), and

A. The Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer, or

B. At the time of the Transfer, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

C. At the time of the Transfer the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

16. The Potentially Fraudulent Transfer can be avoided pursuant to 11 U.S.C. § 548 (a)(1)(B).

**THIRD CLAIM FOR RELIEF**

**[To Recover Unauthorized Post Petition Transfer 11 U.S.C. § 549]**

17. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 5 inclusive, as if fully set forth hereagain.

18. Plaintiff is informed and believes that subsequent to the Petition Date, Debtor transferred to Defendant the sum of $4,587.93 or more ("Post Petition Transfer").

19. The Post Petition Transfer was not authorized by the court or the United States Bankruptcy Code.

20. The Post Petition Transfer can be avoided pursuant to 11 U.S.C. § 549.

**FOURTH CLAIM FOR RELIEF**

**[To Recover Avoided Transfers Against Defendant For**

**The Benefit Of The Estate Under 11 U.S.C. § 550]**

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20, as if fully set forth hereagain.

22. The Transfer and the Post-Petition Transfer, to the extent that they are avoided pursuant to 11 U.S.C. § 547, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a)(1).

23. The Potentially Fraudulent Transfer, if any, to the extent that they are avoided pursuant to 11 U.S.C. § 548, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a)(1).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court entered judgment as follows:

1. That the Transfer, the Post Petition Transfer and Potentially Fraudulent Transfer, if any, be avoided and set aside (collectively, all avoided transfer");
2. Plaintiff shall recover from Defendant all avoided transfers, together with prejudgment interest thereon at the legal rate allowed under 28 U.S.C. § 1961 from the date of each transfer;
3. An award of costs incurred in this suit;
4. Such other and further relief as this Court may deem necessary and proper.

Dated: December 3, 2004

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/
Annie Verdries
Attorneys for Chapter 7 Trustee
HEIDE KURTZ

# EXHIBIT "A"

PACIFIC OCEAN SEAFOOD
Preference Review
*Filed December 13, 2002, Converted February 26, 2003*

| | ***Check Information*** | | |
|---|---|---|---|
| Payee | Check Number | Clear Date | Check Amount |
| Prime Time | 5227 | 10/18/02 | 6,875.00 |
| Prime Time | 5263 | 10/22/02 | 8,964.25 |
| Prime Time | 5278 | 10/30/02 | 9,618.80 |
| Prime Time | 5293 | 11/01/02 | 4,942.80 |
| Prime Time | 5330 | 11/06/02 | 8,914.71 |
| Prime Time | 5348 | 11/12/02 | 5,258.25 |
| Prime Time | 5383 | 11/15/02 | 8,441.75 |
| Prime Time | 5402 | 11/19/02 | 10,701.40 |

PACIFIC OCEAN SEAFOOD
Preference Review
*Filed December 13, 2002, Converted February 26, 2003*

| | ***Check Information*** | | |
|---|---|---|---|
| Payee | Check Number | Clear Date | Check Amount |
| Prime Time | 5427 | 11/25/02 | 7,599.70 |
| Prime Time | 5458 | 11/27/02 | 10,947.75 |
| Prime Time | 5473 | 12/03/02 | 8,181.60 |
| Prime Time | 5508 | 12/03/02 | 10,901.13 |
| Prime Time | 5516 | 12/06/02 | 11,304.63 |
| Prime Time | 5539 | 12/11/02 | 7,966.45 |
| Prime Time | 5553 | 12/16/02 | 6,263.00 |
| | | | 181,942.77 |

B. 104
(Rev. 8/99)

# ADVERSARY PROCEEDING SHEET

(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(For Court Use Only)
AD04-02816AA

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Heide Kurtz | Prime Time Seafood, Inc. |
| Address<br>2525 S. Western Avenue, Ste. 11<br>San Pedro CA 90731 | Address<br>828 Calle De Arboles<br>Redondo Beach CA 90277 |
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>Annie Verdries Ms **Bar ID:** 91049<br>Lewis Brisbois Bisgaard&Smith LLP<br>650 Town Center Drive suite 1400<br>Costa Mesa CA 92626<br>**Telephone #** 714-668-5552 **Fax #** 714-850-1030 | ATTORNEYS (if known) **Bar ID:**<br>**Telephone #** **Fax #** |

PARTY (Check one box only) ☐ 1 U.S. PLAINTIFF ☐ 2 U.S. DEFENDANT ☑ 3 U.S. NOT A PARTY

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved)

To recover money or property. To Avoid and Recover Transfers of Property, 11 USC 547-550

**NATURE OF SUIT**
(Check the one most appropriate box only)

- ☑ 454 To recover money or property
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

**ORIGIN OF PROCEEDING** (Check one box only) ☑ 1 Original Proceeding ☐ 2 Removed Proceeding ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** | NEAREST THOUSAND | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|
| | $ 182 | | |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NUMBER | |
|---|---|---|
| PACIFIC OCEAN SEAFOODS INC | LA02-45257AA | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| Central District of California | Los Angeles | Alan M. Ahart |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| Heide Kurtz | Export, Inc. | concurrent |
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
| | | Alan Ahart |

**FILING FEE** (Check one box only) ☐ FEE ATTACHED ☐ FEE NOT REQUIRED ☑ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|
| 12/07/04 | Annie Verdries Ms | /S/ |

B-104
(Rev. 8/99)

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it ***do not*** replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding ***exactly*** as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.